DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### March, 1898.

---

WILLIAM J. BURGHEN, Appellant, *v.* CHARLES G. PURDY and THOMAS DULMAGE, Respondents.

*Conversion — concert of defendants in taking, under an usurious chattel mortgage, the subject of the mortgage and also other chattels — erroneous dismissal of the complaint — jurisdiction of a County Court — residence of a defendant.*

Where the complaint in an action, brought in the County Court of Erie county, for the recovery of damages for an alleged conversion, avers the payment, under threat of foreclosure, of usurious interest upon chattel mortgages given by the plaintiff to the defendant Charles G. Purdy, and pretended to be assigned by him to the defendant Thomas Dulmage, and that the latter, acting as the tool, and with certain agents, of Purdy, on a day named, wrongfully seized and carried away and converted to the use of said defendants not only the mortgaged chattels, but, in spite of the plaintiff's notice and protest, other property of the plaintiff not covered by the mortgages, and the proof made upon the trial indicates a concert of action between the defendants in the matter therein set forth, a dismissal of the complaint is erroneous, as the jury would be warranted in finding that Purdy authorized the acts of Dulmage and subsequently approved and ratified them.

In such an action commenced October 23, 1896, proof made by a lessor of rooms that the defendant Thomas Dulmage hired rooms of her for himself and wife in Buffalo, Erie county, in August, 1896; that his wife accompanied him to the rooms and resided there; that he continued to pay the lessor rent and that he "kept his room with his wife for some time the forepart of August," makes the question whether he was a resident of Erie county at that time, and, therefore, within the jurisdiction of its County Court, a proper one for the determination of the jury.

APPEAL by the plaintiff, William J. Burghen, from a judgment of the County Court of Erie county in favor of the defendants,

entered in the office of the clerk of the county of Erie on the 18th day of November, 1897, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 6th day of August, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The action was commenced in the County Court of Erie county on the 23d day of October, 1896.

The complaint alleges that on February 4, 1896, the plaintiff executed to the defendant Purdy a chattel mortgage to secure $212, being the purchase price of certain articles of household furniture purchased of Purdy about that date, and also alleges that on February seventeenth the plaintiff executed to Purdy a second chattel mortgage in the amount of $88.50 on certain other household furniture, and that the plaintiff paid several sums upon said mortgages. It is averred "that said sums paid to the said Purdy as interest were far in excess of the amounts of interest lawfully due and owing on said mortgages, and were usurious and extortionate, and were forced from the plaintiff by threats of said Purdy to foreclose said mortgages." It is further alleged in the complaint that Purdy subsequently "pretended to assign to the defendant Dulmage the aforesaid mortgages. That on or about the 2d day of September, 1896, the defendant Dulmage, acting under cover and color of right of the said mortgages, but in reality, as the plaintiff is informed and believes, acting at the instigation and under the direction of the said Purdy, as his tool and cat's paw, together with agents of the said defendant Purdy, did unlawfully enter upon the premises of the said plaintiff, at No. 178 Elm street, Buffalo, N. Y., and, under cover and color of right of the said chattel mortgages, did unlawfully, willfully and wrongfully seize, carry away and convert to the use of the said defendants, all the household furniture and chattels mentioned and described in the aforesaid mortgages, *and, in addition thereto, certain property of the plaintiff, consisting of articles of household furniture and chattels, not included in the said mortgages,*" specifically mentioned and described in the said complaint. It is averred that the property thus seized and carried away was the property of the plaintiff, and "that the defendants were so notified, and knew when they took, carried away and converted the said

goods and chattels,. that they were forbidden by the plaintiff to take or remove the same."

The answer of the defendant Dulmage admits the execution and delivery of the two chattel mortgages, and avers that on the 26th of August, 1896, he purchased the chattel mortgages of the defendant Purdy, and demanded payment thereof; and that, in virtue of the mortgages, he seized the property mentioned in the complaint, and advertised and sold the same at public auction, and that the sum received was insufficient to pay the amount due from the plaintiff upon the mortgages. The answer admits that Purdy is a resident of the city of Buffalo, and denies the other allegations of the complaint not so admitted.

The answer of Purdy admits the execution and delivery of the two chattel mortgages mentioned in the complaint, and alleges that "on the 26th day of August, 1896, for value received, he sold and assigned the said chattel mortgages to the defendant Thomas Dulmage, who thereby became the true and lawful owner and holder of said chattel mortgages," and denies the other allegations of the complaint.

Exceptions were taken by the plaintiff at the time the motions for a nonsuit were granted by the trial court.

During the trial the plaintiff made a motion "that the evidence submitted by the plaintiff, the statements that were made by Dulmage, and also the statements made by Purdy, and all of the evidence that has been submitted in reference to the acts of Dulmage, shall apply to Purdy." The court granted that motion, and thereafter the motion for a nonsuit in behalf of Purdy was granted.

The defendant Dulmage made a motion for a nonsuit upon the ground "that the court has not jurisdiction over the subject-matter of the action, or of the person of the defendant; the defendant is a resident of the city of Rochester, and never has resided in this county." That motion was denied, and the court, in denying the motion, observed: "There is no evidence to show that he resides in Rochester." Thereafter the defendant Dulmage was examined as a witness, and gave evidence tending to indicate that his residence was in Rochester, Monroe county. The motion for a nonsuit in behalf of Dulmage was renewed, and, in response thereto, the court observed: "I don't want to dismiss the case if you expect to prove

he lived here ; but if the proof stands as it is now, there is no use going any further, because if he is a non-resident, if he lives in Rochester, then the court has not got jurisdiction." Thereupon the plaintiff called Mary Fitzgibbons, who gave evidence tending to show that she rented to the defendant Dulmage rooms in the city of Buffalo for himself and wife in August, and that his wife accompanied him to the rooms and resided there, and that he continued to pay her rent, and that he "kept his room with his wife from some time the forepart of August." The room which Mrs. Fitzgibbons rented to Dulmage was property belonging to the defendant Purdy.

*F. H. Callan* and *D. B. Tuttle,* for the appellant.

*Eugene M. Bartlett,* for the respondents.

HARDIN, P. J.:

We think the evidence was sufficient to require the court to submit to the jury the question whether the defendants were acting in concert in seizing the property of the plaintiff and removing the same from his rooms. The evidence tended strongly to indicate a concert of action between the two defendants, and we think sufficient evidence was given to warrant the jury in finding that the acts of Dulmage were authorized by the defendant Purdy, and that the defendant Purdy subsequently, after learning of the acts of the defendant Dulmage, approved and ratified the same.

When the question was raised as to his residence there was a conflict of evidence sufficient to make a question of fact for the jury to determine whether or not he resided in the county of Erie at the time of the commencement of the action.

We think the exceptions present error, and that the nonsuit should be set aside.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.